# REPORTS OF CASES ADJUDGED

# SUPREME COURT OF PORTO RICO

BOSCH, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Agricultural Financing Contract.

No. 568.—Decided June 1, 1923.

RECORD OF TITLE—AGRICULTURAL FINANCING CONTRACT.—The mere record of a previous agricultural financing contract will not prevent the recording of another subsidiary financing contract affecting the same plantation, for the same reason that a second mortgage may be recorded.

ID. — PUBLIC DEED — INSTRUMENTAL WITNESSES. — The failure of a notary to state in a deed that the instrumental witnesses do not come within any of the causes of incapacity enumerated in subdivision 2 of section 20 of the Notarial Law is not a curable defect.

The facts are stated in the opinion.

*Mr. M. Marcos Morales* for the appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

A refaction (financing) contract having been presented to the Registrar of Guayama, he denied the record in the following note:

"Record of the foregoing document is refused because of the defect that the tobacco plantation of 25 acres described in the said deed is already affected by a recorded lien for agricultural advances in favor of The Porto Rican Leaf Tobacco Company for the sum of $2,000 payable on June 30, 1923; and because in this contract, or the foregoing document, conditions are agreed to and stipulated concerning the products which are already encumbered, in conflict with those of the recorded contract, and in lieu thereof a cautionary notice of this denial is entered for the legal period in

1

favor of Angel Bosch at folio 81, volume 4 of Cayey, property No. 194, record letter B, with the curable defect that no mention is made of whether the instrumental witnesses are not within the cause of incapacity referred to in paragraph 2 of section 20 of the Notarial Law. Guayama, Porto Rico, February 19, 1923.''

We agree with the appellant that the mere record of a previous refaction contract will not prevent the record of another, or subsidiary refaction contract, on the same, for the same reason that a second mortgage may be recorded, and our decision in *Manrique* v. *Registrar of Caguas,* 27 P. R. R. 701, is applicable. The danger to the prior lienor in that case was greater than here, because the prior lien there was not of record. See also Galindo and Escosura, Vol. 11, 521-535. The second contract was clearly subject to the first.

For similar reasons any supposed conflict between the conditions of the first contract and the second must be resolved in favor of the first. And this is especially so in this case, as the second contract recognized and mentioned the prior rights of the first contract.

As the notarial law of 1906, section 10, solely requires that the names and residences of the parties should be stated, there was no necessity of setting forth the capacity of the instrumental witnesses. This matter we have discussed and decided in *M. Grau & Sons* v. *Registrar,* 23 P. R. R. 352, and *Monserrate* v. *Registrar of Guayama,* 31 P. R. R. 752.

The note of the registrar must be

*Reversed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.